1                                                                                                            KM

2   **WO**

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,                    )      No. CV 08-1057-PHX-DGC (DKD)
                                                  )
10               Plaintiff,                       )      No. CR 07-906-PHX-DGC
                                                  )
11  v.                                            )      **ORDER**
                                                  )
12  Marco Antonio Ceballos-Novela,                )
                                                  )
13               Defendant/Movant.                )
                                                  )
14  _____      )

15          Movant Marco Antonio Ceballos-Novela, who is confined in the Corrections

16  Corporation of America–Florence Correctional Center in Florence, Arizona, filed a *pro se*

17  "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)." On June

18  12, 2008, the Court denied the Motion with leave to amend.  On July 9, 2008, Movant filed

19  an Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal

20  Custody pursuant to 28 U.S.C. § 2255.  The Court will summarily dismiss the Amended

21  Motion.

22  **I.     Procedural History**

23          Pursuant to a plea agreement, Movant pled guilty to Illegal Re-Entry After

24  Deportation, in violation of 8 U.S.C. § 1326.  On March 31, 2008, the Court sentenced

25  Movant to a 51-month term of imprisonment followed by 3 years on supervised release.

26          Movant seeks a reduction of his sentence.  He argues that his attorney did not advise

27  him of the "fast track" or "early disposition" program and he therefore received a sentence

28  greater than he would have received under these programs.

1   **II.     Summary Dismissal**

2          A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

3   from the motion, any attached exhibits, and the record of prior proceedings that the moving

4   party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the

5   United States District Courts.  When this standard is satisfied, neither a hearing nor a

6   response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526

7   (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

8          In this case, the record shows that summary dismissal under Rule 4(b) is warranted

9   because Movant has waived the right to bring a § 2255 motion.

10  **III.    Waiver**

11         Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals

12  has found that there are "strict standards for waiver of constitutional rights."  United States

13  v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume

14  waiver from a silent record, and the Court must indulge every reasonable presumption

15  against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d

16  1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and

17  unequivocal.

18         Plea agreements are contractual in nature, and their plain language will generally be

19  enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

20  398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a

21  § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,

22  433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

23  claims that cannot be waived are claims that the waiver itself was involuntary or that

24  ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.

25  Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

26  right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

27  ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,

28  32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

1   erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,

2   985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

3   assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4

4   (declining to decide whether waiver of all statutory rights included claims implicating the

5   voluntariness of the waiver).

6        As part of his plea agreement, Movant made the following waiver:

7       The defendant waives any and all motions, defenses, probable
    cause determinations, and objections which the defendant could
8   assert to the information or indictment, or to the petition to
    revoke, or to the Court's entry of judgment against the defendant
9   and imposition of sentence upon the defendant providing the
    sentence is consistent with this agreement. **The defendant**
10  **further waives:** (1) any right to appeal the Court's entry of
    judgment against defendant; (2) any right to appeal the
11  imposition of sentence upon defendant under Title 18, United
    States Code, Section 3742 (sentence appeals); and **(3) any right**
12  **to collaterally attack defendant's conviction and sentence**
    **under Title 28, United States Code, Section 2255, or any**
13  **other collateral attack. The defendant acknowledges that**
    **this waiver shall result in the dismissal of any appeal or**
14  **collateral attack the defendant might file challenging his/her**
    **conviction or sentence in this case**.

15  (Doc. #47) (emphasis added).  Movant indicated in his plea agreement that he had discussed

16  the terms with his attorney, agreed to the terms and conditions, and entered into the plea

17  voluntarily.  (Doc. #47).

18      Movant's assertions in his amended § 2255 motion all pertain to sentencing and do

19  not pertain to the voluntariness of the waiver.  Movant expressly waived issues regarding the

20  imposition of sentence and expressly waived the right to bring a § 2255 motion.  The Court

21  accepted his plea as voluntarily made.  Consequently, the Court finds that Movant waived

22  the sentencing issues raised in his amended § 2255 motion.  Thus, the Court will summarily

23  dismiss the Amended Motion.  Accordingly,

24  . . .

25  . . .

26  . . .

27  . . .

28

1          **IT IS ORDERED** that the Amended Motion to Vacate, Set Aside, or Correct

2   Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #2 in CV 08-1057-PHX-DGC (DKD)) is

3   **denied** and that the civil action opened in connection with this Amended Motion (CV 08-

4   1057-PHX-DGC (DKD)) is **dismissed with prejudice**.   The Clerk of Court must enter

5   judgment accordingly.

6          DATED this 22nd day of July, 2008.

7

8

9   _____

10                     David G. Campbell
                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -